LIPPMAN v. HAUBEN.

(Supreme Court, Appellate Term. June 22, 1905.)

1. CONTRACTS—STIPULATIONS FOR RESCISSION—TIME OF RESCISSION.

Where a contract for the sale of buildings and their demolition by the buyer provided that it was understood that the seller had no title, and would not take title until the 1st of March, and in case he should not then receive title the contract should be void, and the consideration paid by the buyer should be restored, the buyer was entitled to an opportunity to remove the buildings, or in default thereof to elect to declare the contract void and recover the consideration paid by him, if not by March 1st, according to the strict letter of the contract, at least within a reasonable time thereafter.

2. SAME—STIPULATIONS FOR NOTICE—SUFFICIENCY OF NOTICE.

Where a contract for the sale and removal by the buyer of five buildings bound the buyer to complete the removal within 15 days, and to start within 24 hours' notice, a notice given the buyer to take possession of and remove three buildings was ineffective, as against the buyer, for any purpose.

Appeal from Municipal Court, Borough of Manhattan, Thirteenth District.

Action by Mitchel Lippman against Samuel Hauben. From a judgment for defendant, plaintiff appeals. Reversed.

Argued before SCOTT, P. J., and DUGRO and MacLEAN, JJ.

Levy & Leibner (Aaron J. Levy, of counsel), for appellant.

Kantrowitz & Esberg (Moses Esberg, of counsel), for respondent.

SCOTT, P. J. On February 7, 1905, an agreement was entered into between one Lippman Abel and the defendant whereby Abel agreed to pay and did pay $500 for certain old buildings at Park avenue and Eighty-Third street, in the city of New York, and also agreed to remove all materials at said buildings within 15 days, and to start within 24 hours' notice. The agreement contained the following clause:

"It is further understood that the party of the first part [the respondent] has no title as yet, and will not take title until the first of March. In case the party of the first part will not receive title then, this contract shall be considered void and therefore will return the above amount."

On the same day, with the consent of defendant, Abel assigned the contract to the plaintiff (appellant), who at the same time paid to respondent the sum of $200, to be paid by respondent to Abel in case respondent should give the right to tear down the buildings according to the agreement made. It was further agreed between plaintiff and defendant as follows:

"In any other event that said building will not be torn down and the contract be void, then the sum of Five hundred dollars together with the said Two hundred dollars shall be returned to said Lippman without interest and either party shall be released from all obligations."

Hauben, the defendant, did not take title on March 1st, and, indeed, has never taken title; but on March 12th title to the property was taken by a corporation known as the Hauben Realty Company, of which the defendant Hauben is an officer. On March 1st appellant called upon respondent with reference to commencing work on the houses, and found that he could not commence the work of wrecking the buildings, because respondent had not yet acquired title, and the buildings were still occupied by tenants. Appellant thereupon demanded a return of the two sums of $500 and $200, which was refused. There were five buildings included in the agreement, and on April 12th respondent notified appellant to proceed to take possession of and remove three of them. The other two, being still occupied by tenants, could not be wrecked, and were not included in the notice. In fact, they were still occupied until within a few days of the trial on May 24th. According to the strict letter of the contract, the appellant had the right to elect that it be considered void when, on March 1st, respondent had not acquired title, and could not give the requisite authority to appellant to proceed with the removal of the buildings. The respondent strenuously argues, however, that, as between the parties, time was not made of the essence of the contract, except as regards appellant's obligation to begin work within 24 hours after notice, and to complete it within 15 days. Even if this be conceded, however, it does not justify the judgments appealed from. If there was no date at all specified in the contract, the law would require that opportunity to proceed with the work should be afforded within a reasonable time, especially since the appellant had already paid full consideration. The appellant's assignor had virtually agreed that he should not be permitted to go on before March 1st, but he was certainly entitled to an opportunity to do so within a reasonable time thereafter. Such opportunity he has not received. The contract was an entire one, for the demolition of five houses. It was not within the contemplation of the contract that he should remove them one by one. The notice of April 12th therefore was ineffective for any purpose, because it applied only to three houses, and not to all of them. So far as appears, he never received, up to the very day of trial, either notice or opportunity to carry out his contract

as it was made. In our opinion, he was well within his rights in electing to declare the contract void, and suing for the money paid in consideration thereof.

The judgments should be reversed, with costs, and judgments ordered for the appellant, with appropriate costs in the court below. All concur.